# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GLENN VINSON, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: No. 2:12-CV-04187-VEH |
| | ) |
| **MIDLAND FUNDING, LLC,;** | ) |
| **MIDLAND CREDIT** | ) |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.     Introduction

Plaintiff initiated this consumer debt litigation against Defendants (Doc. 8) on December 26, 2012. (Doc. 1). Pending before the court is Defendants' Motion To Dismiss (Doc. 8) (the "Motion") filed on January 21, 2013. The Motion seeks an order dismissing Plaintiff's entire case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 1).

Defendants filed a brief (Doc. 9) in support of their Motion on January 21, 2013. On February 1, 2013, Plaintiff opposed the Motion. (Doc. 12). Defendants followed with their reply (Doc. 13) on February 8, 2013.

Finally, on February 11, 2013, Plaintiff filed a notice of supplemental case

authority. (Doc. 14). Accordingly, the Motion is now under submission, and for the reasons stated below is **DENIED**.

**II.   Standard**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**III.  Analysis**

Defendants premise their Motion upon Plaintiff's alleged failure to adhere to the requirements of *Twombly* and its progeny when suing Defendants' over a prior lawsuit brought by them (*i.e.*, the collection plaintiffs) against Plaintiff (*i.e.*, the collection defendant) on a consumer debt that he allegedly never owed. (Doc. 1 ¶¶ 1-2). In his pleading, Plaintiff maintains that Defendants' alleged misconduct violates the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the

3

"FDCPA") (Doc. 1 at Count 1) and state law.[1]

### A.   Plaintiff's FDCPA Count

Notably, neither side has cited to any binding authority that directly addresses the viability of Plaintiff's FDCPA count.[2]  Given the open question status of Plaintiff's FDCPA claim within the Eleventh Circuit, the court finds it difficult (and even arguably premature) to apply *Twombly*.  More specifically, the undersigned is not persuaded to conclude (as Defendants urge) that Plaintiff has failed to state a plausible FDCPA claim in the context of suing upon a debt allegedly not owed when neither the Eleventh Circuit (nor the Supreme Court) has analyzed the actionable nature *vel non* of such claim.[3]

---

[1] Plaintiff's state law claims are for invasion of privacy (Doc. 1 at Count II); negligent, wanton, and/or intentional hiring and supervision of incompetent debt collectors (*id.* at Count III); wanton, malicious, and intentional misconduct (*id.* at Count IV); and malicious prosecution and abuse of process (*id.* at Count V).

[2] To be clear, the Eleventh Circuit has addressed some issues under the FDCPA which are helpful here, but has not yet analyzed the entire scope of the type of claim brought by Plaintiff.  *See, e.g., LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010) ("Determining whether Unifund's letter could reasonably be perceived as a 'threat to take legal action' under the 'least-sophisticated consumer' standard in the circumstances of this case is best left to jury decision."); *see also id.* at 1193 n.15 ("[T]he Supreme Court has held that initiation of legal proceedings by a creditor *can* constitute a debt collection activity." (citing *Heintz v. Jenkins*, 514 U.S. 291, 293-96, 115 S. Ct. 1489, 131 L. Ed.2d 395 (1995))).

[3] The court acknowledges that Defendants argue in their reply (Doc. 13) that, at a minimum, Plaintiff's FDCPA claim premised upon an <u>implied</u> misrepresentation is due to be dismissed because Plaintiff "cannot cite any decision holding that an implied misrepresentation that the collection plaintiff intended to prove the case at trial is a viable theory under the FDCPA." (*Id.* at 1).  However, at the same time, Defendants, as the movants, have not cited to any controlling precedent which validates their position on either a Rule 12(b)(6) or alternatively

Additionally, the court is persuaded by and adopts in full Judge William H. Steele's opinion in *Samuels v. Midland Funding, LLC*, No. 12-0490-WS-C entered on February 7, 2013, in which he rejected the defendant's[4] similar efforts to obtain a judgment on the pleadings (as analyzed under a Rule 12(b)(6) standard (*see* Doc. 14 at Ex. A at 7)) with respect to the plaintiff's comparably asserted FDCPA claim. (*Id.* at 7-21 (analyzing and upholding viability of plaintiff's FDCPA claim challenged under Rule 12)). Therefore, the FDCPA portion of the Motion is **DENIED**.

B.   **Plaintiff's State Law Claims**

Judge Steele's recent opinion in *Samuels* also eloquently explains why the plaintiff's state law claims premised upon a defendant's bringing a prior action on a consumer debt allegedly not owed survive a Rule 12(b)(6) challenge. (Doc. 14 at Ex. A at 21-30 (analyzing and upholding viability of plaintiff's state law claims of invasion of privacy; malicious prosecution; abuse of process; negligence/wantonness/intentional conduct; and negligent/wanton/intentional hiring/supervision)). This court, once again, is persuaded by and adopts in full Judge

---

even a Rule 56 record. Regardless, absent from Plaintiff's FDCPA count is any distinction drawn between Defendants' express misrepresentations versus their implicit ones (Doc. 1 at Count I), and, even if the court were persuaded to dismiss all of Plaintiff's allegations that might show an implicit misrepresentation under the FDCPA, the result would be a Pyrrhic victory for Defendants as the FDCPA count would still remain in the case.

[4] Midland Funding, LLC is also a named defendant in this action.

Steele's reasoning in *Samuels* as it pertains to the state law claims asserted by Plaintiff in this lawsuit. Therefore, the state law section of the Motion is also **DENIED**.

IV. **Conclusion**

Accordingly, the Motion is **DENIED**.

**DONE** and **ORDERED** this 20th day of February, 2013.

                                                                            */s/ Virginia Emerson Hopkins*
                                                                            **VIRGINIA EMERSON HOPKINS**
                                                                            United States District Judge